REDMANN, Judge.
Plaintiff, the operator of a motel called San Antonio Inn on the Airline highway in Jefferson Parish, appeals from a judgment refusing injunction against defendant’s using a sign on his motel. Plaintiff argues that the shape of the sign is its own service mark. We hold that the use of this sign’s commonplace shape could not “cause confusion or mistake or . deceive as to the . . . origin of [defendant’s] services,” La.R.S. 51:222(1). We therefore affirm.
Until plaintiff evicted him, a lessee operated another motel called San Antonio Inn on defendant’s property. The lessee left behind a San Antonio Inn sign, fixed high above the building on two steel columns, above a Denny’s Restaurant sign (of a more distinctive, yet commonplace, shape). Defendant then began to operate a motel he called Peacock Inn in his building. He painted black the “San Antonio” part of the sign high above the motel, and placed “Peacock Inn” signs twice as large atop the carriage porch at the motel entrance. By the time of the trial of the permanent injunction, defendant had had the old San Antonio sign’s lettering changed to read Peacock Inn. Plaintiff still sought injunction on the ground that the shape of the sign is its registered service mark.
The shape looks like a long rectangle modified, first, by removing from its four corners small squares or rectangles and, second, by very slight curves at top and bottom such that the top looks like a flat, open book in a side-to-side cross-section. The bottom is a mirror image of the top. From a distance one can see that the shape is not a rectangle but an altered one. Nevertheless, in our opinion it is not even readily identifiable or distinguishable f.-om other signs whose makers seek to avoid the triteness of rectangularity.
We deem it highly unlikely that anyone would be confused, mistaken or deceived into believing that it is plaintiff who is the source or origin of the services that defendant offers: and that is the test of R.S. 51:222(1).
Affirmed.